The Honorable Myra Jones State Representative 5201 Country Club Road Little Rock, Arkansas 72207-4535
Dear Representative Jones:
This is in response to your request for an opinion on two questions prompted by the operation of the Scott Fire Protection District #18. Specifically, your questions are as follows:
 [W]hat are the procedures for appointing members to fire protection districts? In addition, how are the powers of the Board of Commissioners, the Chairman of the Board, and the Fire Chief delineated and who is the ultimate decision-maker for the district?
Correspondence from the Chairman of the Scott Fire Protection District #18, which is attached to your request, indicates that the District was organized under Act 35 of 1979, now codified at A.C.A. §§ 14-284-201 to -225 (1987 and Supp. 1995).
In response to your first question, the procedures for appointing members to fire protection districts are set out in the relevant statutes as follows:
 (a) If at an election a majority of the qualified electors voting on the question vote "FOR" the establishment of the proposed fire protection district and the levy of assessed benefits to support the district or if an ordinance of the quorum court establishing a district is sustained, the county court shall enter an order establishing the district as described in the petitions or ordinance and shall appoint five (5) qualified electors of the district as a board of commissioners for the district.
 (1) Two (2) members of the commission shall be appointed for terms of two (2) years and three (3) members of the commission shall be appointed for terms of three (3) years.
 (2) All successor members shall be appointed by the county court for terms of three (3) years.
 (3) All appointments shall be subject to confirmation by the quorum court of the county.
 (b) The members of the boards of commissioners of fire protection districts formed after July 3, 1989, under this subchapter shall be elected at a public meeting called by the county court. The commissioners shall be elected by the qualified electors residing within the district.
 (c) Vacancies occurring on the board because of resignation, removal, or otherwise shall be filled by the county court for the unexpired term.
 (d) The members of the board shall serve without compensation but shall be entitled to actual expenses incurred in attending meetings in an amount not to exceed fifty dollars ($50.00) per month for each member of the board as authorized by the quorum court of the county.
 (e) Members of the board may be removed from office by the county court for good cause shown.
 (f)(1) If the district includes territory from more than one (1) county, the board of commissioners shall be composed of seven (7) members:
 (2) The members of the board of commissioners of multi-county fire protection districts formed after July 3, 1995, under this subchapter, shall be residents of the fire protection district and elected at a public meeting as agreed upon by the county courts in order to establish the time of the meeting and the place of the meeting being within the district. The commissioners shall be elected by the qualified electors residing within the district.
 (3) The members of the board of commissioners shall serve staggered terms.
 (4) Vacancies occurring on the board due to resignation, removal, or otherwise shall be filled by the remaining board members for the unexpired term.
 (5)(A)(i) Members of the board may be removed by a special election to be held within ninety (90) days after the presentation of a special election removal petition signed by ten percent (10%) of the assessed landowners or the assessed per-parcel owners, with the removal of the board member to be determined by the majority votes of the votes cast in person by the assessed landowners or the assessed per-parcel property owners.
 (ii) Each assessed landowner or assessed parcel property owner shall have one (1) vote per paid assessment.
 (B) The election for the removal of board members shall be held at a designated location within the fire protection district.
A.C.A. § 14-284-208 (Supp. 1995). (Emphasis added.)
With regard to your second question, the selection of the chairman and the appointment of a "director" and other employees is governed by A.C.A. § 14-284-209 (1987). The powers of the Board of Directors of such districts are set out at A.C.A. § 14-284-211 (1987). These statutes provide, respectively, that:
 (a) The board shall annually choose from among its members a chairman and a secretary-treasurer. The chairman and secretary-treasurer shall furnish bonds, conditioned upon faithful performance of their duties, in the amount of five thousand dollars ($5,000) each. The cost of securing and maintaining the bonds shall be paid from funds of the district.
 (b) The board may employ a director and such other employees as it deems necessary to carry out the purposes of the district. Employees of the board shall have such responsibilities and receive such compensation, if any, as may be prescribed by the board.
* * *
 The board of commissioners of any district created pursuant to this subchapter shall have the power and authority to:
 (1) Execute contracts and other instruments for and in behalf of the district;
 (2) Cooperate with any other fire protection district, municipal fire department, or any political subdivision or agency of this state or the United States in carrying out the purposes of the district;
 (3) Establish rules and regulations for the transaction of the district's business and for carrying out the purposes of the district;
 (4) Make assessments of benefits against real property in the district benefited by fire protection services of the district and provide for the collection of the assessments;
 (5) Issue bonds as provided in this subchapter to finance the district and its purposes. However, districts established by ordinance of the quorum court shall have no authority to issue bonds unless the question is first submitted to and approved by the electors of the district as provided in 14-284-204 and 14-284-205; and
 (6) Do any and all other actions necessary or desirable to enable the board to carry out its responsibilities and to accomplish the purposes of the district.
A.C.A. §§ 14-284-209 and -211 (Supp. 1995)
As can be seen from the statutes above, the board is empowered to employ a "director" and may invest him with such responsibilities as the board sees fit. The statutes above are silent as to "who is the ultimate decision-maker for the District." Each board of directors may, in my opinion, designate the distribution of power for its district (as between the board, the chairman, and the director) under the authority to "[e]stablish rules and regulations for the transaction of the district's business and for carrying out the purposes of the district." See A.C.A. § 14-284-211(3) (1987).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh